UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|        Plaintiff, ) | No. CR08-0359 MMC |
| ) | |
|    v. ) | |
| ) | **DETENTION ORDER** |
| ADOLFO HERRERA-VALENZUELA, ) | |
| ) | |
|        Defendant. ) | |
| _____) | |

    The government's motion to detain the defendant, Adolfo Herrera-Valenzuela, came before the court on June 13, 2008. Defendant was present in custody and represented by Jodi Linker. Assistant United States Attorney Owen Martikan appeared for the United States. Based on information proffered by both parties at the detention hearing and a report prepared by Pretrial Services, I find the following:

    1.  The government sought detention on the grounds that defendant posed a risk of flight. Pretrial Services submitted a report recommending defendant be detained as a risk of flight. At the hearing, both parties' made proffers and arguments regarding detention.

1      2.   The defendant is charged in an Indictment with a
2 violation of Title 18, U.S.C. Section 1028(a)(3) - Possession
3 With Intent to Transfer Unlawfully Five or more False
4 Identification Documents; and Title 18, U.S.C. Section
5 1028(a)(1) - Aggravated Identity Theft.  If convicted, the
6 defendant faces substantial penalties, including a two year
7 mandatory minimum prison sentence if convicted of violating
8 Title 18, U.S.C. Section 1028(a)(1).  This provides him with
9 an incentive to flee.
10     3.   The defendant declined to state his immigration
11 status, but there is an immigration detainer in place against
12 him.  The defendant has been subject to deportation hearings
13 on at least two separate occasions.  ICE's records indicate
14 that the defendant filed a fraudulent application for
15 political asylum in 1996, using his true name, but reporting
16 that he was from Guatemala.
17     4.   The nature of the charges against the defendant and
18 evidence proffered by the Government suggest that he may be
19 able to obtain false identification documents.  According to
20 the Pretrial Services Report, the defendant has used five
21 different aliases and three different dates of birth.
22     5.   The defendant has regular communication with his
23 step-father and two siblings who reside in Mexico.  According
24 to defendant's employer, Mr. Herrera-Valenzuela owns property
25 in Mexico and traveled to Mexico for one month in the past
26 three years.
27     6.   The defendant, however, has substantial ties to the
28 community.  He lives with his significant other, Carmen

2

Mencillas, their five minor children, and two of his siblings. All of his children were born in the United States and are U.S. citizens. His youngest child was born on June 10, 2008. The defendant has lived and worked in Arcata, CA for the past 17 years.  He has worked for Sun Valley Bulb Farm for the past 17 years, and for Gary Nicholson's dairy farm for the past 16 years.  Mr. Nicholson owns the defendant's residence, and is willing to continue to employ the defendant if he is released.

7.   The defendant's counsel has proffered that Mr. Herrera-Valenzuela is willing to withdraw the assets in his 401(k) retirement account, valued at approximately $66,000, and post them to secure a bond.  Defendant's counsel also claims that defendant's employer, Mr. Nicholson, is willing to cosign a bond and act as a surety.  The Pretrial Services Report states that Mr. Nicholson said he "would consider signing an unsecured bond on behalf of the defendant," but that he would like to first discuss the matter with his wife. Mr. Nicholson has not since contacted Pretrial Services regarding the bond. Pretrial Services has also attempted several times to contact the defendant's significant other, Ms. Carmen Mencillas, but has not yet spoken with her.

8.   For all of these reasons, I conclude that by a preponderance of the evidence, the government has established that there is a risk that Mr. Herrera-Valenzuela may flee and not appear to face these charges.  I also find that there are conditions of release which would reasonably assure his appearance.  These would include a $100,000 bond partially secured by the assets in his retirement plan, or by comparable

3

security, and cosigned by one or more financially responsible adults. The bond would include a number of other standard conditions.

I outlined such a bond at the detention hearing, but defendant did not accept the conditions. Accordingly, the Government's motion to detain defendant is **GRANTED.** It is **ORDERED** that:

1. The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel;

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver defendants to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 16, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2008\HERRERA-VALENZUELA DETENTION.wpd